# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## SARA BLUM V. TENTH DISTRICT COMMITTEE OF THE VIRGINIA STATE BAR.

June 16, 1969.

Record No. 6915.

Present, All the Justices.

*Sara Blum,* for plaintiff in error.

*Richard N. Harris, Assistant Attorney General (Robert Y. Button, Attorney General; Walter H. Ryland, Assistant Attorney General,* on brief), for defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Pursuant to Rule IV, § 13, of the Integrated Bar, the Tenth District Committee of the Virginia State Bar, after a hearing on a written complaint filed with it by Mrs. Theresa Donaldson charging Stephen

F. Ostatnik and Sara Blum, partners practicing law in the city of Alexandria, with malpractice and unprofessional conduct, filed in the clerk's office of the court below its report and verified complaint with respect to these charges.* It stated that it was the unanimous finding of the Committee that the defendants were jointly and severally "guilty of malpractice and of unworthy, corrupt and unprofessional conduct, specifically in failing to account to their client for her share of house sale proceeds, for applying toward their fee all of their client's share in said house sale proceeds without her authorization and without agreement as to the amount of the fee, for charging an excessive and unwarranted fee for the particular case and the services involved, and for dilatory tactics and failing to report to and communicate with their client," and that a "charge of disbarment" was "merited as to both" of them.

In accord with Code § 54-74, a rule was issued on which both defendants were tried by a three-judge court. After hearing the testimony of the witnesses offered by the Committee and that of the two defendants, and considering the transcript of the hearing before the Tenth District Committee admitted by consent, the court entered an order finding that both defendants were guilty as charged in the report and complaint, and that their conduct was "of such a serious nature" that their licenses to practice law in this State should be, and were, revoked.

From this order the defendant Sara Blum has appealed of right. Code § 54-74(5). The defendant Ostatnik has not appealed.

In her assignments of error the principal contentions of this appellant, Sara Blum, are that the evidence was not sufficient to sustain the finding that she was guilty of the charges preferred against her, and that the judgment revoking her license to practice law was "harsh, unwarranted and unjustified." We do not agree with these contentions.

The pertinent facts are these: In June, 1962, Mrs. Theresa McMillan employed Ostatnik and Blum to prosecute a suit for divorce against her husband, Arlin T. McMillan, on the ground of constructive desertion. The agreed fee was $250 to $350 if the suit was uncontested, but if contested, "it could be double" that amount. A re-

*The written complaint was filed with the Committee on December 20, 1965. After notice, both defendants appeared before the Committee where the charges against them were heard on May 13 and June 17, 1966. Neither defendant testified at the hearings before the Committee, but both participated in the cross-examination of the witnesses.

tainer agreement was signed and shortly thereafter Mrs. McMillan paid the defendants $400 on account of attorneys' fees to be incurred.

On July 9, 1962, Ostatnik and Blum filed in the Circuit Court of Arlington County a suit for divorce on behalf of the wife and a petition for the custody of her minor children. The husband filed an answer denying the wife's right to a divorce and the custody of their children. Shortly thereafter the matter was referred to a special commissioner who was directed to take the depositions of the witnesses and report his findings and recommendations. Depositions of the witnesses on behalf of the wife were taken on November 7, 1962, but because counsel for the husband was not present at the time he objected to the consideration of them by the commissioner. Pending the settlement of this objection, the report of the commissioner was not filed until July 29, 1964. On August 11, 1964 a decree was entered confirming the commissioner's report and granting the wife an absolute divorce.

Shortly after Mrs. McMillan had introduced her evidence before the commissioner, on November 7, 1962, she was told by the attorneys that as far as the divorce suit was concerned, "it was all over" and that she had "nothing to worry about except the property settlement" with her husband. Relying upon this advice, Mrs. McMillan moved with her children from her residence in Arlington, Virginia, to Idaho Falls, Idaho, where she took up her residence. Before leaving she executed a power of attorney, dated November 9, 1962, authorizing Ostatnik and Blum, among other things, to sell her interest in any real estate which she owned and to receive payment therefor.

Believing that her divorce action had been successfully concluded, she married Walter A. Donaldson in Idaho in December, 1962. When her former husband McMillan learned of this, and knowing that her divorce suit against him had not been concluded, he filed a cross-bill against her alleging that she was guilty of adultery with Donaldson. However, no action was taken on this cross-bill and it was subsequently withdrawn.

In August, 1963, Mrs. Donaldson and her then husband left Idaho and established a residence at Wheaton, Maryland, a suburb of Washington. Not until then did she learn that her divorce suit had not been prosecuted to a successful conclusion. Ostatnik informed her that "there had been a little trouble but not to worry about a thing and everything was all right."

In the fall of 1963, not being satisfied as to the status of her divorce

action, Mrs. Donaldson employed James Miller, Jr., an attorney at Rockville, Maryland, to inquire into the matter. Miller found and reported to her that she had not been granted a divorce from her husband, Arlin T. McMillan.

Later, Mrs. Donaldson found that the house in Arlington, owned jointly by her and her former husband, had been sold in June, 1963 by real estate agents engaged by Ostatnik and Blum; that one-half of the net proceeds realized from the sale had been paid to her former husband and one-half, amounting to $1,760.25, had been paid to Ostatnik and Blum. This was confirmed by a canceled check for that amount made payable to "Ostatnik and Blum, Attorneys for Theresa M. McMillan." Ostatnik and Blum testified that this check was endorsed and cashed by them at the bank and that the money was then and there divided equally between them. They further testified that they considered the proceeds of this check to be their personal fee, and so treated it. However, they admitted that this was without the knowledge or consent of Mrs. Donaldson and that they had rendered her no bill for their charges for services.

Mrs. Donaldson testified that not until July, 1964, when she undertook to effect a property settlement with her former husband, did she learn that the house in which she owned a half interest had been sold. She immediately asked Ostatnik and Blum for an accounting of the proceeds from such sale but received none. Again, in September, 1964 she asked them for an accounting and received none. On May 24, 1965 she wrote a letter to Ostatnik and Blum again requesting an accounting, to which, she said, she received no reply. On August 2, 1965, Miller, whom Mrs. Donaldson had employed to inquire into the status of her affairs, wrote Ostatnik and Blum requesting an accounting of the proceeds of the sale of the property. This letter was not answered.

According to Mrs. Donaldson, after the Committee hearings had been concluded on June 17, 1966, she received from Ostatnik and Blum a bill showing that she owed them a balance of $539.76. This bill, she said, was accompanied by no itemized statement showing how the balance due was arrived at.

Thereafter, she said, in the fall of 1966, Ostatnik and Blum sent her an itemized bill covering several typewritten pages of charges against her from June 27, 1962 through August, 1964, amounting to $2736.50. These charges were preceded by a summary, "For Legal and Professional Services, $2700 [sic];" "Total payments, $2160.24;"

"Balance due, $539.76." This statement made no mention of the proceeds received from the sale of the property nor did it show the source of the total payments credited against the charges. Thus, according to the testimony of Mrs. Donaldson which the lower court has accepted, there never was any accounting by the defendants to her of the proceeds of the sale of this property.

Ostatnik and Blum testified that in July or August, 1964, they wrote Mrs. Donaldson a letter enclosing a copy of the statement which she said she later received. However, they were unable to produce a copy of the letter or show just when it was sent. Inconsistent with this testimony is the fact that the copy of the statement which they said they sent Mrs. Donaldson was dated June 1, *1966.*

In any event, the testimony of the two defendants shows that they withheld from Mrs. Donaldson, for at least a year, the information that they had sold her property and without her knowledge or consent had applied the proceeds to the payment of charges for fees claimed to be due them. It further shows that these defendants applied the proceeds to the payment of charges for fees to which she had not agreed, and, indeed, of which she had never been notified.

Code § 54-73 provides:

*"Revocation or suspension of license by court.*—Any court before which an attorney has qualified, on proof being made that he has been convicted of a felony or of any malpractice, or of any corrupt unprofessional conduct, shall revoke his license to practice therein or suspend the same for such time as the court may prescribe."

Code § 54-74, Subsection (6), provides:

" ' *Any malpractice, or any unlawful or dishonest or unworthy or corrupt or unprofessional conduct,*' as used in this section, shall be construed to include * * * the failure, without sufficient cause, within a reasonable time after demand, of any attorney at law, to pay over and deliver to the person entitled thereto, any money, security or other property, which has come into his hands as such attorney; * * * ."

It is clear that the evidence, which the lower court has accepted, shows that the conduct of Sara Blum and her partner was in violation of the provisions of § 54-74(6), in that after repeated demands and without sufficient cause they failed to pay over and deliver to their client, who was entitled thereto, money which had come into their hands as attorneys.

Section 54-73 authorizes the revocation of the license of an

attorney on the proof of such conduct. It leaves to the sound judicial discretion of the trial court, depending upon the circumstances of the particular case, whether that should be its judgment or whether lesser disciplinary action should be taken. *Maddy* v. *First District Com. of Virginia State Bar*, 205 Va. 652, 658, 139 S. E. 2d 56, 60. In the absence of a showing that such judgment is plainly wrong it should not be overturned.

Here, there is no such showing and there are aggravating circumstances. Not only did Sara Blum and her partner unlawfully withhold from their client money which was due to her, but despite repeated demands, they failed and refused to account to her for such funds. Moreover, they deceived her as to the status of her divorce suit and led her to believe that she was free to marry again. We agree with the conclusion of the trial court that the conduct of these attorneys was of such a "serious nature" that their licenses to practice law in this State should be revoked.

The other assignments of error, relating mainly to questions of procedure, are without substance and merit no discussion.

The judgment is

*Affirmed.*